## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ENID VALENTIN COLLAZO**,<br><br>　　　**PLAINTIFF**,<br>**Vs.**<br><br>**CARLOS M. CONTRERAS APONTE** in his individual and official capacity as Secretary of the Department of Transportation and Public Works for the Commonwealth of Puerto Rico;<br><br>**JUAN M. MALDONADO DEJESUS** in his individual and official capacity as Director of the Office of Legal Counsel;<br><br>**LUIS R. GONZALEZ ROSARIO** in his individual and official capacity as Auxiliary Secretary for Administration and Human Resources;<br><br>**ANGEL L. LOPEZ RODRIGUEZ** in his individual and official capacity as Director of Human Resources;<br><br>**JOSE R. PACHECO RODRIGUEZ** in his individual and official capacity as Director Office of Budget and Finance<br><br>　　　**DEFENDANTS** | **Civil No.**<br><br>**CIVIL RIGHTS VIOLATION**,<br>**JURY TRIAL DEMAND** |

## COMPLAINT

**COMES NOW** the plaintiff, through her undersigned attorneys, and respectfully **STATES**, **ALLEGES** and **PRAYS** as follows:

## JURISDICTIONAL STATEMENT

1.    This is a civil action filed by **Enid Valentin Collazo** an employee of the Commonwealth of Puerto Rico's Department of Transportation and Public Works (hereinafter "DTPW') who has been assigned work unreasonable inferior to the norm for her position, has been harassed, made to feel humiliated, has had to incur in unnecessary expenses and subjected to a reduced salary despite her entitlement to the same. The defendants' actions have been motivated by the Plaintiffs known political affiliation to the Popular Democratic Party for their individual and collective adverse employment actions against her.

2.    Plaintiff Enid Valentin Collazo asserts a violation of her rights under the First Amendment of the Constitution of the United States, as well as under the laws and Constitution of Puerto Rico, and prays for equitable relief in the form of ceasing of all actions to deny her rightful salary and that the inferior to the norm treatment cease and desists, and legal relief in the form of economic and punitive damages be awarded, pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1983. As this is a civil action brought pursuant to the laws and Constitution of the United States, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3.    This Court also has supplemental jurisdiction over all claims arising under the laws and Constitution of Puerto Rico pursuant to 28 U.S.C. § 1367.

4.    Venue is proper under 28 U.S.C. § 1391(b).

## THE PARTIES

5.    Plaintiff Enid Valentin-Collazo (hereinafter "Plaintiff" and/or "Valentin-Collazo") is of legal age, resident of Puerto Rico and a citizen of the United States of America. She resides in San Juan, Puerto Rico.

6.        Defendant Carlos M. Contreras Aponte (hereinafter "Contreras-Aponte") is the Secretary of the Department of Transportation and Public Works of the Commonwealth of Puerto Rico. In said capacity, he is the nominating authority of said Agency. He is sued in his individual and official capacities for legal and equitable relief.

7.        Defendant Juan M. Maldonado-DeJesus (hereinafter "Maldonado-DeJesus") is the Director of the Office of Legal Counsel. He is sued in his individual and official capacities for legal and equitable relief.

8.        Defendant Luis R. Gonzalez-Rosario (hereinafter "Gonzalez-Rosario") is the Auxiliary Secretary for Administration and Human Resources. He is sued in his individual and official capacities for legal and equitable relief.

9.        Defendant Angel L. Lopez Rodriguez (hereinafter "Lopez-Rodriguez") is the Director of the Office of Human Resources. He is sued in his individual and official capacities for legal and equitable relief.

10.       Defendant Jose R. Pacheco Rodriguez (hereinafter "Pacheco-Rodriguez) is the Director of the Office of Budget and Finance and is Plaintiff's immediate supervisor. He is sued in his individual and official capacities for legal and equitable relief.

## STATEMENT OF FACTS

11.       Plaintiff is a member of the Popular Democratic Party (hereinafter "PDP"), a fact known to all defendants at all times relevant to this action, especially given the highly politically charged environment that exists at the DTPW.

12.       DTPW has an environment where employees are actively involved in political organizations, and is an agency rattled with political rancor and strong political divides.

3

13. Plaintiff's active membership in the PDP includes, without limitation, active participation in 2004, 2008, 2012 and 2016 electoral campaign, and attendance to different political meetings, parties, seminaries, conventions among some.

14. She has been active in the PDP since a young lady.

15. She has occupied twice a trust position within the agency during PDP administrations as Director of Budget and Finance.

16. She was on the Committee of Servidores Populares of DTPW and the Central Party office.

17. She participated in the transition between the PDP administration and NPP administration at hearing and meetings during the month of December as did defendants Gonzalez-Rosario, Pacheco-Rodriguez and Contreras-Aponte.

18. During the testimony of the former Secretary she was present as was Gonzalez-Rosario, Pacheco-Rodriguez and Contreras-Aponte.

19. Defendants Lopez-Rodriguez, Gonzalez-Rosario and Pacheco-Rodriguez were employees of DTPW while Plaintiff served in her trust positions.

20. In fact, these three defendants are aware that Plaintiff served in various highly political designations such as President of the Bid Board, appointed to the Committee Designation of Personnel Transfers Under Law No.66-2014, delegated as principal for the final meeting for the Internal Control and Prevention Program (known by the Spanish acronym "PROCIP"), and Member of the Leaves Bank Committee.

21. All of the defendants are members, sympathizers, or militants in the New Progressive Party (hereinafter "NPP")

4

22.    In fact, their appointments, both past and present, to the various trust positions is because of their affinity to the NPP.

23.    Lopez-Rodriguez has served as the coordinator of the NPP public servants.

24.    Gonzalez-Rosario has always served in trust positions during NPP administrations.

25.    Pacheco-Rodriguez has served in the trust position of Director of "*Cuerpo de Ordenamiento del Transito*".

26.    Lopez-Rodriguez has worked with Plaintiff for over twenty (20) years between DTWP and AAFET.

27.    Gonzalez-Rosario and Pacheco-Rodriguez have both worked with Plaintiff for approximately thirteen (13) years at DTWP.

28.    They have targeted and identified the Plaintiff as one of the most visible and highest-ranking PDP career employee and since taking over the administration of the DTPW have set out to humiliate her, harass her and insure that she has inferior to the norm work environment.

29.    Plaintiff occupies the career position of Sub-Director of the Office of Budget and Finance, and she returned to this position on January 1, 2017 after serving in the trust position of Director of the Office of Budget and Finance.

30.    This position has a detailed list of itemized functions for the position as reflected in in the DTWP form known as DTOP-280.

31.    In the same, it makes clear that Valentin-Collazo's position requires her to work directly with the Director of the office and supervision is an integral part of her functions.

32.    She is to participate in the planning, coordination, direction and supervision of the activities related to the administration in her office.

33.    She has not been allowed to do this.

34.    Valentin-Collazo is supposed to monitor the various transactions that are made at DTPW to monitor their conformity with the applicable laws, norms and regulations.

35.    She has not been allowed to do this.

36.    Valentin-Collazo is supposed to certify and analyze the PRIFAS (Puerto Rico Integrated Financial Accounting System) system for the availability of funds.  The system if the central governments accounting system.

37.    She has not been allowed to do this

38.    She is the official liaison between DTPW and the Puerto Rico Treasury Department and it relates to the RHUM (Resource Human Management System) program which is commonly referred to by Hacienda as Payroll and Human Resource.

39.    She has not been allowed to do this.

40.    These are just a few of her duties and functions that she has not been allowed to do.

41.    Since the assumption by the defendants of their respective positions, Valentin-Collazo has been denied her functions and has been relegated to an inferior to the norm conditions for her position.

42.    In a normal work day, she has been given tasks that require very little effort on Valentin-Collazo's part causing her to experience hours of doing nothing work related.

43.    The tasks assigned are menial and basic and certainly do not involve management of staff commensurate with her position.

44.    Plaintiff has been restricted from entering many areas that are supposed to be under her supervision.

45.    Defendants has blocked her access card from those areas and even from the emergency exit.

46.    There has been no rational or reason given for these limitations.

47.    Pacheco-Rodriguez in his first meeting as Director made clear to all staff that the chain of command under the new administration will not include Valentin-Collazo but instead the second highest ranking person in the office will be the Director of Finances Maria del Carmen Gonzalez-Rodriguez.

48.    Maria del Carmen Gonzalez-Rodriguez is supposed to be under the supervision of Valentin-Collazo, but because Maria del Carmen Gonzalez-Rodriguez is a member of the NPP she has been elevated in position and authority to the detriment of Plaintiff.

49.    Pacheco-Rodriguez has required all staff to act and recognize that Mario Vargas-Caraballo (hereinafter "Vargas-Caraballo") a NPP supporter whose actual position is Executive Official Level II, from the San Juan Regional Office Directorship of Public Works is also to do the functions of Plaintiff.

50.    Vargas-Caraballo, without discussing, meeting or consulting the Plaintiff, meets with staff, supervises and substitutes the Director.  Indeed, Vargas-Caraballo has signed official documents on behalf of the Pacheco-Rodriguez.

51.    He is the *de facto* Sub-Director, since Pacheco-Rodriguez has permitted Vargas-Caraballo to speak on his behalf and direct the office, eliminating the Plaintiff from her position, without terminating her.

52.    These changes and additions of staff into the work area and their roles must be approved, consented to and/or encouraged by the Secretary of DTPW, defendant Contreras-

Aponte, The Auxiliary Secretary for Administration and Human Resources, defendant Gonzalez-Rosario and finally the Human Resources Director, defendant Lopez-Rodriguez.

53.    Plaintiff was stripped of her functions in front of the entire staff in order embarrass and shame her, especially given her standing with the PDP.

54.    Both Maria del Carmen Gonzalez-Rodriguez and Vargas-Caraballo, have been given the function of the substitute for the Director when that is clearly one of the functions of Valentin-Collazo.

55.    In fact, Pacheco-Rodriguez has refused to meet personally with Valentin-Collazo given his political animus.

56.    Pacheco-Rodriguez has been supported in his decision to strip Valentin-Collazo of her functions by the other defendants with their refusal to take action, authorizing the changes and/or by deliberately being indifferent to an obvious unconstitutional removal of functions.

57.    Maldonado-DeJesus, acknowledged that he had received all of Plaintiffs complaints regarding the lack of functions and at some point, would respond to the same.

58.    He has not.

59.    Maldonado-DeJesus during a meeting with Valentin-Collazo informed her that she should have expected the removal of certain functions given the transition to the NPP.  Reflecting his knowledge of what is being done to her, and either consents or is deliberately indifferent to the unconstitutional acts taking place.

60.    Maldonado-DeJesus as the Director of the Office of Legal Counsel knows better of the illegal nature of stripping functions for political reasons.  He has done nothing, either to stop or even investigate.

61.     Gonzalez-Rosario, also was at this meeting.  As the Auxiliary Secretary For Administration and Human Resources, he too is aware of the illegality of stripping functions for political reasons.  He has done nothing to either stop or even investigate.

62.     Contreras-Aponte has done nothing despite Valentin-Collazo complaints to him about the stripping of functions and other discriminatory actions reflecting his consent to the same and/or deliberate indifference to the unconstitutional violation taking place.

63.     Contreras-Aponte has ignored her pleas or given his approval to his subordinates' actions by refusing to do anything or by instructing them to do the same.

64.     Valentin-Collazo has been removed from access to RHUM since the NPP took control in January 2017 and without so much as an explanation by any of the defendants.

65.     Pacheco-Rodriguez lied about his participation in the removal of the access to Plainitff.

66.     Plaintiff discovered this lie when she was informed by Rosa Carasquillo of Hacienda (*Consultora Sistema RHUM*) that Pacheco-Rodriguez in fact had requested her removal from the system.

67.     Without RHUM access, Valentin-Collazo is unable to perform many of her duties.

68.     Indeed, the request to remove her came directly though the chain of command at DTPW.

69.     To date, no legitimate reason for her removal from the system has been provided and even less justified.

70. Valentin-Collazo has even attempted to meet directly with Pacheco-Rodriguez to review her DTOP-280, but he refused to even receive the document so that on some future date claim ignorance as the duties and functions of the position held by Valentin-Collazo.

71. Pacheco-Rodriguez can know the extent of the duties of Valentin-Collazo with a simple discussion between himself and the other defendants.

72. The fact that Valentin-Collazo has not been given her functions is because of the political animus defendants have against her.

73. In addition, defendants want to punish Valentin-Collazo economically.

74. DTPW in 2013 approved salary increases to all staff.

75. Plaintiff has a right to this increase when she returns to her career position upon her reinstatement as set forth in Law 184 of 2004.

76. All career employees received an increase and since Lopez-Rodriguez, Pacheco-Rodriguez and Gonzalez-Rosario were career employees, they received said increase in their career positions.

77. In December 20, 2016, a memorandum was prepared by Cesar Torres-Medina and confirmed and authorized by the then Director of Human Resources Joseli Melendez-Morales that Valentin-Collazo salary upon her reinstatement to her career position should be $5,614.00.

78. This document has been removed from Valentin-Collazo's personnel file.

79. When Valentin-Collazo returned to her career position from her trust position the increase was not given to her.

80.    Defendants not wanting to give her the proper salary, a new memorandum was prepared on February 14, 2017 again by Cesar Torres-Medina but this time was instructed, ordered and or required to remove any reference to her salary increase of eighty ($80.00) dollars.

81.    Lopez-Rodriguez as the Director of Human Resources has either permitted, allowed or orchestrated this refusal to honor the proper salary, because of the Plaintiff's political affiliation.

82.    This new memorandum does not explain or reflect the reason for the removal of the eighty ($80.00) or even explain any rational for the original being wrong.

83.    Lopez-Rodriguez and Plaintiff discussed the required eighty ($80.00) dollar salary increase in March of 2017 and it was obvious then that Lopez-Rodriguez was not going to honor the proper increase of salary.

84.    Lopez-Rodriguez knowing full well that the agency wide increase of eighty ($80.00) dollars was approved still to create delay and keep Plaintiff from receiving her rightful salary has requested an opinion for the Commonwealth of Puerto Rico's Management and Budget (hereinafter "OMB").

85.    This is totally unnecessary and done by the Defendants, including Contreras-Aponte who approved it after signed by Gonzalez Rosario and Lopez-Rodriguez.

86.    The purpose it to delay and hurt the plaintiff.

87.    Despite her clear right to the increase, the defendants have ignored her six (6) requests for payment of the same.

88.    Likewise, defendants knew that upon her return to her trust position she should have received that salary, but fain conflict and question the legitimacy of the increase.

89. Of course, they do not question the overall increase only Valentin-Collazo's specific right to the same.

90. The Defendants have requested an unnecessary legal opinion to further delay Valentin-Collazo's payment and attempt to hide their political animus pretending to be unclear as to the applicability.

91. Plaintiff has also requested from Lopez-Rodriguez the payment of a salary differential that she was supposed to have received from January 3, 2013 to May 31, 2013.

92. The law requires that since Valentin-Collazo held an interim position for over thirty days she was entitled to the differential in salary during that time period.

93. Lopez-Rodriguez has refused to respond to her petition for this money.

94. Defendants paid Valentin-Collazo her former trust salary in January 2017.

95. When Valentin-Collazo raised concerns for the payment, they did nothing allowing the amount to accumulate so as to now charge her the excess payment. In the same vein, hide their refusal to pay her the proper increase in the salary of her career position.

96. It is evident that defendants intend to systematically harass, subject plaintiff to an inferior to the norm work condition and deny money rightfully hers unless detained by this Honorable Court.

97. Defendants have caused Plaintiff to unnecessarily incur in parking expenses approximately in the amount of eighty-four ($84.00) dollars a month.

98. DTPW has a written policy on who is supposed to be assigned parking spaces.

99. In that regulation, Directors and Sub-Directors, like Plaintiff, are to be assigned a parking space.

100.    Defendants have deauthorized Plaintiff from parking in the building but permit lower ranking staff because of their affiliation to the NPP.

101.    Persons like Jose Cardona who holds the position of Clerk Level I and in the hierarchy of the office is, according to the organizational chart, the lost level is permitted to park because he is an affiliate to the NPP.

102.    As part of the transition, Valentin-Collazo requested that the Property Chief Abigail Rodriguez-Cabezudo (hereinafter "Rodriguez-Cabezudo"), verify the equipment assigned to Plaintiff during her tenure in the trust position were all present and accounted for so as to properly transfer them to the new Director, defendant Pacheco-Rodriguez.

103.    Rodriguez-Cabezudo performed her inspection and found that all sixty-seven (67) items, which constitutes the entire amount of assigned property, were present and accounted for.

104.    Plaintiff then prepared a first memorandum to Pacheco-Rodriguez to acknowledge and receive said property, but he refused to accept the memorandum and in fact Plaintiff is not allowed to even deliver documents to his secretary but instead must deliver same to a none DTPW employee.

105.    Pacheco-Rodriguez has assigned Liangely Ortiz-Rivera (hereinafter "ortiz-Rivera") as the person who receives all documents in the office, including confidential ones, even though she is an employee of Alpha Guard and not an employee if DTPW.

106.    Since she is an NPP, Pacheco-Rodriguez has been willing to violated and/or ignore the terms of the service contract with Alpha Guard which clearly does not allow her to wear civilian clothing while working,

13

107. In fact, Pacheco-Rodriguez removed DTPW employee who was a PDP and then attempted to authorize the assignment of DTPW property to Ortiz-Rivera, in clear violation of the norms of DTPW and the existing contractual relationship with Alpha Guard.

108. Pachecho-Rodriguez political motivations are such that despite the contract that exists with Alpha Guard, Ortiz-Rivera is allowed to wear civilian attire as is his intent to reward and help NPP members while persecuting PDP individuals.

109. As quickly as he is willing to sign over property to a NPP supporter he as slow in receiving those from Plaintiff and has held on to the memorandum of transfer since January 23, 2017 without acknowledging receipt of the same.

110. Valentin-Collazo has written three (3) additional memorandums to Pacheco-Rodriguez to perform his required duty of acceptance of the property, but he continues to refuse.

111. Pacheco-Rodriguez has refused to accept the equipment, despite the obligation to do so, because he hopes to blame or in some way require Plaintiff to pay for "lost" or "misplaced" items by keeping the equipment in her name.

112. This is especially likely given the fact that Pacheco-Rodriguez has moved and given instruction to remove and/or relocate equipment from the area without informing the Plaintiff.

113. Pacheco-Rodriguez has gone as far as ordering and instructing Rodriguez-Cabezudo not to perform her duties by properly reflecting that he is the person responsible for the equipment but instead that her office indicate that Valentin-Collazo is the custodian.

114. Plaintiff has requested in writing four (4) times that Pacheco-Rodriguez sign the transfer of the property to the position but he will not, given his political animus.

115. Pacheco-Rodriguez has even forced Plaintiff to pay for supplies to perform her duties from her own money.

116. Pacheco-Rodriguez has refused to buy ink for the printer located in Plaintiff's office but yet has authorized the purchase for NPP supporters.

117. In order to print documents and not expose them to a public printer, Plaintiff has been forced to purchase ink with her own money.

118. Pacheco-Rodriguez has cancelled Plaintiff's scheduled excess vacation days claiming the need of her vast experience, but during that time no meaningful tasks were assigned to her.

119. The cancellation was simply another example of the desire to harass Valentin-Collazo.

120. Pacheco-Rodriguez has refused for any staff, such as Enrique Davila-Torres, from meeting with Valentin-Collazo, even when the matter concerns official DTPW business.

121. This is done to isolate Valentin-Collazo and create a hostile work environment because of her affiliation to the PDP.

122. It is political affiliation that motivated and continues to motivate all of the defendants to conspire, order (either deliberately or negligently) and/or with deliberate indifference allowed the adverse employment acts perpetrated on the Plaintiff to begin and continue.

123. The defendants, acting separately and/or collectively, either willfully or negligently, have caused all of the Plaintiff's economic and emotional harm.

124. All of defendants' actions are merely a pretext to politically discriminate against the plaintiff.

125.    The defendants' acts of discrimination have caused the Plaintiff damages.

126.    Defendant Contreras-Aponte utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the acts perpetrated on the plaintiff because of the political animus towards her. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the Plaintiff.

127.    Defendant Gonzalez-Rosario utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the acts perpetrated on the plaintiff because of political animus towards her. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the Plaintiff.

128.    Defendant Maldonado-DeJesus utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the acts perpetrated on the Plaintiff because of the political animus towards her. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the Plaintiff.

129.    Defendant Lopez-Rodriguez utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the acts perpetrated on the Plaintiff because of the political animus towards her. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the Plaintiff.

130.    Defendant Pacheco-Rodriguez utilized his position under the color of law and either instructed, conspired and/or was deliberately indifferent to the acts perpetrated on the Plaintiff because of the political animus towards her. His actions are unconstitutional, tortious and as such must be responsive to the injuries caused to the Plaintiff.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF FIRST AMENDMENT**

16

131.    Plaintiff repeats and incorporates all the allegations contained thus far as if set forth fully herein.

132.    The foregoing evidences that the defendants, under the color of law of their respective positions, have willfully and/or with deliberate indifference violated the Plaintiff's rights under the First Amendment

133.    Plaintiff has been subjected to a work environment inferior to the norm, been denied money owed and harassed all due to her political affiliation to the PDP.

134.    As a result of the defendants' unconstitutional and illegal conduct, Plaintiff has been discriminated against and caused irreparable and continuing harm, emotionally, economically and in her civil rights, in the amount of no less than $1,000,000.00. In addition, the Plaintiff prays for preliminary and permanent injunctive relief, in the form of monies lost and any applicable benefits, immediate reinstatement of her functions and prohibiting defendants from taking additional adverse employment actions because of her political affiliation to the Popular Democratic Party.

135.    Also, the defendants actions towards plaintiff warrant the imposition of punitive damages in the amount of no less than $1,000,000.00 each.

## SECOND CAUSE OF ACTION:
## LAWS AND CONSTITUTION OF PUERTO RICO

136.    Plaintiff repeats and incorporates all the allegations contained thus far as if set forth fully herein.

137.    The foregoing evidence that the defendants, under the color of law of their respective positions, have willfully and/or with deliberate indifference violated the plaintiffs'

17

rights action under the Constitution and laws of the Commonwealth of Puerto Rico, specifically Sections 1, 4, 6 and 7 of Article II of the Constitution of Puerto Rico; the Public Service Personnel Laws of Puerto Rico and merit system regulations, i.e. Law No. 184 of August 3, 2004, as amended and applicable jurisprudence; and Articles 1802 and 1803 of the Civil Code, § 5141-5142 of Title 31.

138.    As a result of the defendants' unconstitutional and illegal conduct, plaintiff has been subjected to adverse employment actions, and caused irreparable and continuing harm, emotionally, economically and in their civil rights, in the amount of no less than $1,000,000.00 each.

## JURY DEMAND.

139.    Trial by Jury is requested on all causes of action.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully pray that this Honorable Court:

1.    Find that the defendants have violated Plaintiff's rights under the First Amendment, as well as under the laws and Constitution of Puerto Rico;

2.    Grant preliminary and permanent injunction restoring plaintiff's position as Sub-Director of the Office of Management and Budget and prohibiting, restraining and enjoining, the defendants, agents or anyone acting in concert with them or pursuant to their orders; or their successors in any representative capacity from violating any Constitutional and statutory rights of the Plaintiff;

3.      Award damages to Plaintiff in an amount no less than $1,000,000.00 for pain and suffering, lost back pay, and other damages suffered as a result of the defendants' unconstitutional conduct;

4.      Award punitive damages to plaintiff in an amount of no less than $1,000,000.00, or in such in such amount as may be deemed appropriate;

5.      Award pre-judgment interest;

6.      Award Plaintiff's attorneys' fees and costs pursuant to 42 U.S.C.§1988; and

7.      Award such other and further relief as may be deemed just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this August 18, 2017.

**COUNSEL FOR PLAINTIFFS**:
**LANDRÓN VERA, LLC.**
Attorneys at Law
Edificio Julio Bogoricín, Suite 501
1606 Ave. Ponce de León
San Juan, PR 00909
Tel. 787-395-7886
Email: landronvera@hotmail.com

s/Eileen Landrón Guardiola
**EILEEN LANDRON GUARDIOLA**
USDC-PR-203006
Email: elandron@landronvera.com

s/Eduardo Vera Ramírez
**EDUARDO VERA RAMIREZ**
USDC-PR-209713
Email: evera@landronvera.com

s/Luis A. Rodríguez Muñoz
**LUIS A. RODRÍGUEZ MUÑOZ**
USDC-PR 214511
Email: lrodriguez@landronvera.com

19